UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 DEC -9 PM 1:42

CLERK
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA )
)
)
v. ) No.
) 2:21-cr-109-1
JOHN GRIFFIN, )
Defendant )

## INDICTMENT

The Grand Jury charges:

### BACKGROUND

At all times relevant to this Indictment:

1. For several years prior to July 2020, the defendant, JOHN GRIFFIN, paid for and maintained a profile on an internet site known as alt.com. In 2020, alt.com described itself as a "BDSM dating, Fetish, and Kink Site," where "members find alternative, BDSM, bondage & fetish partners." JOHN GRIFFIN used alt.com to seek women who were, in GRIFFIN's words, sexually "submissive" and "open-minded." JOHN GRIFFIN's username, or "handle," on alt.com was "Admit_It."

2. On several occasions in 2019 and 2020. JOHN GRIFFIN communicated with persons he encountered on alt.com using other communication platforms, including Kik and Google Hangouts. JOHN GRIFFIN's username, or "handle," on Kik was "Reflection55"; on Google Hangouts it was "John Griffin."

3. On several occasions in 2020, during chat conversations over Kik and Google Hangouts, JOHN GRIFFIN stated he believed there is a "wanton whore" at "the core of any" female, and that "a woman is a woman regardless of her age." During these chat conversations, JOHN GRIFFIN espoused a "way of life" in which women are sexually subservient and inferior to men. Using Kik and Google Hangouts, JOHN GRIFFIN sought parents who would allow him to train their minor daughters to be sexually subservient.

4. On or about February 21, 2020, JOHN GRIFFIN, acting through a Vermont limited liability company, acquired a ski house located at 126 Grouse Lane in Ludlow, Vermont. JOHN GRIFFIN communicated in furtherance of the crimes alleged herein while in or near this ski house, and offered to host mothers and their minor daughters at this location for purposes of sexual training.

## COUNT ONE

5. Paragraphs 1-4 are realleged and incorporated herein.

6. From on or about April 7, 2020, to on or about April 13, 2020, in the District of Vermont and elsewhere, the defendant, JOHN GRIFFIN, using a facility of interstate commerce, knowingly attempted to persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense.

7. In the course of this attempt, JOHN GRIFFIN engaged in text conversations over Google Hangouts with a person ("PERSON 1"), who purported to be the father of a 14-year-old daughter. During the conversations, JOHN GRIFFIN:

    a. advised PERSON 1 that JOHN GRIFFIN had sexually trained girls as young as 7 years old;

    b. advised that PERSON 1's 14-year-old daughter would be a good candidate for such training, alongside her mother;

    c. proposed that the training would begin via a video chat during which JOHN GRIFFIN planned to instruct the 14-year-old and her mother to remove their clothing and touch each other; and

d. confirmed that JOHN GRIFFIN's sexual training would eventually include in-person meetings featuring "spanking" and "cock worship."

(18 U.S.C. § 2422(b))

## COUNT TWO

8. Paragraphs 1-4 are realleged and incorporated herein.

9. On about June 12, 2020 and June 13, 2020, in the District of Vermont and elsewhere, the defendant, JOHN GRIFFIN, using a facility of interstate commerce, knowingly attempted to persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense.

10. In the course of this attempt, JOHN GRIFFIN engaged in a text conversation over Google Hangouts with a person ("PERSON 2"), who purported to be the mother of a 16-year-old daughter. During this conversation, JOHN GRIFFIN:

    a. sought confirmation that PERSON 2 believed "there is a natural, wanton whore at the core of ANY female, whether she knows it or not," and "a woman is a woman regardless of age;" and

    b. proposed to PERSON 2 that she and her 16-year-old daughter take "a little mother-daughter trip" to Vermont where JOHN GRIFFIN would host them at his Ludlow, Vermont ski house for sexual training.

(18 U.S.C § 2422(b))

## COUNT THREE

11. Paragraphs 1-4 are realleged and incorporated herein.

12. From on or about June 14, 2020 to on or about July 24, 2020, in the District of Vermont and elsewhere, the defendant, JOHN GRIFFIN, using a facility of interstate commerce, knowingly persuaded, induced, enticed and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense, and knowingly attempted to do so.

13. In furtherance of this offense, beginning on or about June 14, 2020, JOHN GRIFFIN engaged in a text conversation over Kik with a person ("PERSON 3") who purported to be the mother of two daughters, then 9 and 13 years of age. During this text conversation, JOHN GRIFFIN's statements included:

    a. "one of the big lies of this society is that women are delicate innocent angels and they are in actuality, naturally, the dirtiest sluts possible, in EVERY metric";

    b. "when handled appropriately, a woman is a woman regardless of her age"; and

    c. "it's your job, in concert with me, [to] see that [PERSON 3's 13-year-old daughter] is trained properly."

14. Following this conversation over Kik, as well as other text and telephone communications with PERSON 3, JOHN GRIFFIN used the internet payment service Venmo to transfer to PERSON 3 approximately $2000 on or about June 24, and approximately $1350 on or about July 13, 2020, to cover expenses for PERSON 3 and her 9-year-old daughter to fly from Nevada to Boston.

15. On or about July 15, 2020, JOHN GRIFFIN drove his 2019 Red Tesla Model X from Ludlow, Vermont to Logan Airport in Boston, Massachusetts to pick up PERSON 3 and her 9-year-old daughter, and to bring them to JOHN GRIFFIN's Ludlow, Vermont ski house, where the child was directed to engage in and did engage in illegal sexual activity.

(18 U.S.C. § 2422(b))

## FORFEITURE NOTICE

1. Pursuant to Federal Rule of Criminal Procedure 32.2 and Title 18, United States Code Section 2461, the United States hereby notifies the defendant that it will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428 as part of any sentence imposed.

2. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, if convicted of any offense set forth in this Indictment, the defendant shall forfeit to the United States:

    a. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense of which the defendant is convicted, or any property traceable to such property, including residences, vehicles, computers, storage media, cameras and electronic equipment, including electronic equipment taken from his person or residence by law enforcement officers during the investigation of these offenses. It also includes any property, real or personal, constituting or traceable to gross profits of other proceeds derived from said offenses.

    b. The property subject to forfeiture includes, but is not necessarily limited to, the following:

        i. A lot of land with all buildings thereon located in the Town of Ludlow, County of Windsor,

State of Vermont, the legal description of which may be found at Volume 429 at Pages 312-315 of the Ludlow Land Records;

    ii. The defendant's ownership interest in GRIFFSKIS LLC, a Vermont limited liability corporation which owns the real property described in subsection i;

    iii. A Red Tesla Model X (Ludicrous Mode), VIN # 5YJXCBE40KF180792;

    iv. A 2018 Mercedes Benz GTA, VIN# WDDYK8AA3JA014527;

    v. the computers, computer storage media, devices, phones, cameras, MicroSD cards, images, and videos seized from the defendant on or about September 2, 2020.

3. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), if any of the property described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty.

(18 U.S.C. §§ 981(a)(1)(C) & 2428; 28 U.S.C. § 2461)

A TRUE BILL



FOREPERSON

_____ (MPD)
JONATHAN A. OPHARDT
Acting United States Attorney
Burlington, Vermont
December 9, 2021