<pre>
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA          )       CRIMINAL ACTION NO.
                                  )       2:21-cr-109-1
         vs.                      )
                                  )
JOHN GRIFFIN,                     )
               Defendant.         )




                          ARRAIGNMENT
                  Wednesday, December 22, 2021
                      Burlington, Vermont




BEFORE:

     THE HONORABLE WILLIAM K. SESSIONS III,
     District Judge




APPEARANCES:

MICHAEL P. DRESCHER, ESQ., U.S. Attorney's Office, 11 Elmwood
     Avenue, 3rd Floor, P. O. Box 570, Burlington, VT
     05402-0570, Counsel for the Government

DAVID V. KIRBY, ESQ., O'Connor & Kirby, P.C., P. O. Box K,
     Stanfordville, NY 12581, Counsel for the Defendant

ETHAN CLIFFORD, U.S. PROBATION

JOHN J. GRIFFIN, DEFENDANT




                   Johanna Massé, RMR, CRR
                   Official Court Reporter
                      P. O. Box 5852
                   Burlington, VT 05402
          802-951-8102 | 802transcripts@gmail.com
</pre>

1  Wednesday, December 22, 2021

2      (The following was held in open court at 11:09 AM.)

3          COURTROOM DEPUTY:  Your Honor, this is criminal number

4  21-109, defendant number 1, United States of America vs. John

5  Griffin.  The Government is present through Assistant United

6  States Attorney Michael Drescher.  The defendant is present

7  with his attorney, David Kirby.  Also present in the courtroom

8  is Probation Officer Ethan Clifford.

9      The matter before the Court is an arraignment.

10         THE COURT:  Just excuse me.  I just have a little

11  technological problem, but I think this will get resolved.

12     All right.  Mr. Kirby, my understanding is that your

13  client wishes to proceed to the arraignment.  Is that correct?

14         MR. KIRBY:  Yes, that is, your Honor.  Thank you.

15         THE COURT:  Okay.  Would you stand, please, Mr.

16  Griffin.  I'm going to ask you a whole series of questions.  If

17  you don't understand anything that I ask, let me know.  I'd be

18  glad to explain.  If you wish to speak with Mr. Kirby during

19  this process, let me know that.  I'll provide you an

20  opportunity to speak with him.

21     Do you understand that?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  I'm also going to ask that you be placed

24  under oath and would advise you if you answer any questions

25  falsely, you could be prosecuted for perjury or false swearing.

1       Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  All right.  Would you place Mr. Griffin

4  under oath, please.

5              COURTROOM DEPUTY:  Please raise your right hand.

6          (The defendant was sworn.)

7              THE DEFENDANT:  I do.

8              THE COURT:  Okay.  Would you state your full name.

9              THE DEFENDANT:  John James Griffin.

10             THE COURT:  And how old are you, Mr. Griffin?

11             THE DEFENDANT:  Forty-four years old.

12             THE COURT:  How far did you go through school?

13             THE DEFENDANT:  Four years of college to a bachelor

14  degree, sir.

15             THE COURT:  Have you ever been hospitalized for drug

16  or alcohol treatment?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  When was the last time?

19             THE DEFENDANT:  Early 2020, your Honor.

20             THE COURT:  Okay.  Are you receiving any medication as

21  a result of that treatment?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  Are you under the supervision or care of

24  any therapist or counselor?

25             THE DEFENDANT:  Not currently, your Honor, no.

1          THE COURT:  Have you taken any pills or medication or

2  received -- or consumed alcohol within the past 24 hours?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Do you understand what's happening today?

5          THE DEFENDANT:  Yes, I do, your Honor.

6          THE COURT:  Have you received a copy of the

7  indictment?

8          THE DEFENDANT:  Yes, I have.

9          THE COURT:  Have you had an adequate opportunity to go

10  over the charges in the indictment with Mr. Kirby?

11          THE DEFENDANT:  Yes, I have, your Honor.

12          THE COURT:  And as to Count 1 of the indictment, how

13  do you wish to plead:  guilty or not guilty?

14          THE DEFENDANT:  Not guilty, your Honor.

15          THE COURT:  And as to Count 2, how do you wish to

16  plead:  guilty or not guilty?

17          THE DEFENDANT:  Not guilty, your Honor.

18          THE COURT:  And as to the forfeiture notice, you're

19  raising an objection?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  All right.  Now --

22          MR. DRESCHER:  Your Honor, there -- I believe there

23  are three counts.

24          MR. KIRBY:  There are three counts.  Your Honor, he --

25  Mr. Griffin pleads not guilty to the whole indictment, but

1 if --

2            THE COURT:  Right.

3            MR. KIRBY:  I think there are three counts there.

4            THE COURT:  Ah.  Yes.  Right.

5       As to Count 3, how do you wish to plead:  guilty or not

6 guilty?

7            THE DEFENDANT:  Not guilty, your Honor.

8            THE COURT:  All right.  Now, first of all, we need to

9 set the motions deadline.  I'm sure that you've gone over with

10 Mr. Griffin the fact that he has the right to a speedy trial.

11 The question is whether in a case of this complexity you need

12 additional time for the preparation of your defense.

13       Mr. Kirby, what do you wish to say in regard to the time

14 period for the filing of motions?

15            MR. KIRBY:  I would like 90 days, at least initially.

16 Mr. Drescher has let me know that there are a substantial

17 amount of documents and pieces of evidence that I need to

18 review.  I obviously need to review them with my client, who I

19 think will be continuing to be housed at Cheshire, but that's a

20 little bit a ways from, you know, where I'm located, so it's --

21 I think it's just going to take some time, your Honor.

22            THE COURT:  Okay.  Is there any objection to extending

23 the motions filing deadline to 90 days from the Government?

24            MR. DRESCHER:  No objection, your Honor.  Subject, of

25 course, to Mr. Griffin agreeing to the exclusion of that time

1 under the Speedy Trial Act.

2        THE COURT:  All right.  Mr. Griffin, you have a right

3 to a speedy trial; that is, to have the case brought to trial

4 within 70 days.  But in many cases, it's in the best interest

5 of a person who's charged with a crime or, for that matter, for

6 the Government as well to extend that period of time so that

7 you have an adequate opportunity to review all of the documents

8 and prepare a defense.  But to do that, you have to waive the

9 running of the speedy trial clock.  Essentially the Court would

10 toll the running of the speedy trial from today's date until

11 the date of the deadline for the filing of motions.  If motions

12 are filed, the deadline would be extended.

13    The question is whether you would be willing to waive your

14 right to a speedy trial at this point and agree that the speedy

15 trial clock will be tolled; that is, not run, from this date

16 until the -- till the hearing.

17        THE DEFENDANT:  I do waive that right, your Honor.

18        THE COURT:  Okay.  All right.  The Court will find in

19 the interest of justice that the speedy trial clock should be

20 tolled because of the complexity of the case and the defense's

21 need to review discovery, and so it is tolled.

22    All right.  Now, in regard to detention or release, what's

23 the Government's position?

24        MR. DRESCHER:  Your Honor, as we explained in our

25 detention motion, we think Mr. Griffin should be detained

1  pretrial.  I understand from Mr. Kirby that he at this time

2  does not intend to contest that motion.

3          THE COURT:  All right.  Mr. Kirby, is that correct?

4          MR. KIRBY:  Yes, your Honor.  We need to take a look

5  at some of the allegations in the detention motion and put

6  together a package, so we would -- we need some time to do all

7  of that.

8          THE COURT:  So the Court finds that there are no

9  conditions or combination of conditions which could assure at

10  this point that the defendant would not pose a risk to the

11  community and also would appear when required.  That's subject

12  to review.  If the defense wishes to file a request for a

13  review of the detention order, the Court would be willing to

14  address that at that point.  All right?

15          MR. KIRBY:  Thank you.

16          THE COURT:  Now, the motions deadline is extended for

17  90 days, so that would -- that date would be what?

18          COURTROOM DEPUTY:  March 22nd.

19          THE COURT:  I'm sorry?

20          COURTROOM DEPUTY:  March 22nd.

21          THE COURT:  March 27th.  So the motions deadline is

22  extended to March 27th, 2022.

23      Is there anything else that we need to address at this

24  point?

25          MR. DRESCHER:  I don't believe so.

1          MR. KIRBY:  Yes.  If you don't mind, your Honor, I

2    have a few papers that I need to go over with Mr. Griffin.  I

3    can't do it up in the lockup because he needs to sign some of

4    them.  If we could sit here for five or ten minutes, that would

5    be very helpful to the defense.

6          THE COURT:  The difficulty, of course, is that this

7    space is open to the public.

8          MR. KIRBY:  Well, I don't think we'd be chatting too

9    much.  I just want him to be able to read the documents and

10   decide whether --

11         THE COURT:  Okay.  Is there any difficulty in just

12   having him stay here for just a few minutes so he can sign some

13   documents?

14         DEPUTY MARSHAL:  No, sir.

15         THE COURT:  All right.  Okay.  That's fine.  We'll

16   just ask that the marshals return him once he has completed

17   signing the documents.

18      Is there anything else?

19         MR. KIRBY:  Thank you, your Honor.

20         MR. DRESCHER:  I don't believe so.

21         THE COURT:  Okay.  Thank you.

22         COURTROOM DEPUTY:  Judge, Rule 5(f).

23         THE COURT:  Hmm?

24         COURTROOM DEPUTY:  Rule 5(f).

25         THE COURT:  Oh.  Yes.  We have a rule that's required

1  that I read to the Government.  Rule 5(f) Oral Order:  The

2  Court directs the prosecution to comply with its obligation

3  under *Brady vs. Maryland* and its progeny to disclose to the

4  defense all information, whether admissible or not, that is

5  favorable to the defendant, material either to guilt or to

6  punishment and known to the prosecution.  Possible consequences

7  for noncompliance may include dismissal of individual charges

8  or the entire case, exclusion of evidence, and professional

9  discipline or court sanctions on the attorneys responsible.

10 The Court will be entering a written order more fully

11 describing the obligation and the possible consequences of

12 failing to meet it, and the Court directs the Government to

13 review and comply with that order.

14       Does the Government confirm that it understands its

15 obligations and will fulfill them?

16         MR. DRESCHER:  It does, your Honor.  And I apologize

17 for not reminding the Court of the need to review that rule

18 with the Government.

19         THE COURT:  Well, that's -- appreciate that.  It's

20 just -- obviously the magistrate judge ordinarily does the

21 arraignments, so I am not particularly familiar with the Rule 5

22 order, but now I am.

23       Okay.  Is there anything else?

24         MR. KIRBY:  No, your Honor.  Thank you.

25         (Interruption by the reporter.)

1          THE COURT:  March 27th or 22nd?

2          COURTROOM DEPUTY:  22nd.  Two two.

3          THE COURT:  Two two.  March 22nd is the -- is the

4    deadline for the filing of motions.  Okay?  Thank you.

5          MR. DRESCHER:  Thank you.

6          MR. KIRBY:  Thank you.

7       (Court was in recess at 11:21 AM.)

8

9

10                   C E R T I F I C A T I O N

11      I certify that the foregoing is a correct transcript from

12   the record of proceedings in the above-entitled matter.

13

14

15   December 22, 2021              _____
                                     Johanna Massé, RMR, CRR
16

17

18

19

20

21

22

23

24

25